

**RIVKIN RADLER**
ATTORNEYS AT LAW

**MEMO ENDORSED**

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, N J  07601-7082
T 201.287.2460 F 201.489.0495

**GENE Y. KANG**
Partner
(201) 287-2489
gene.kang@rivkin.com

December 11, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2024

**VIA ECF**
Clerk of the Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Junsub Shim v. Luxury Asset Capital, LLC, et al.*
      Case No.:
      Our File No.: 14724-1

Dear Sir/Madam:

We represent Plaintiff, Junsub Shim ("Plaintiff" or "Shim") in connection with the above-referenced action. Pursuant to Fed. R. Civ. P. 5.2(d) and Section 6.14 of the Southern District of New York's Electronic Case Filing Rules & Instructions, we respectfully submit this letter motion seeking to seal and/or redact portions of the Complaint and exhibits attached thereto to be filed with the Court.

The action seeks to recover a painting ("Artwork") that was purchased by Plaintiff but was never delivered to him. Instead, the Artwork was pledged by seller, Seth Carmichael ("Carmichael") and his gallery, Carmichael Gallery LLC ("Gallery"), by and through his purported agent, Nora Alette Gillern ("Gillern"), as collateral for a loan from Luxury Asset Capital, LLC ("LAC"), Luxury Asset Capital Holdings, LLC ("LAC Holdings"), BLCE, LLC d/b/a New York Loan Company ("BLCE") (collectively, along with LAC and LAC Holdings, the "Lender").[1] Lender continues to retain possession of the Artwork despite Shim's requests for its release. Accordingly, Plaintiff seeks an injunction compelling the release of the Artwork and/or damages resulting from Defendants' wrongful possession of the Artwork. In connection with the foregoing, Plaintiff asserts the following causes of action: (i) Count One – Conversion, against all Defendants; (ii) Count Two – Replevin – against Lender; and (iii) Count Three – Unjust Enrichment – against all Defendants.

---

[1] Carmichael, the Gallery, Gillern, and the Lender are Defendants in this action.

66 South Pearl Street, 11th Floor   1301 Riverplace Boulevard   477 Madison Avenue       2649 South Road            926 RXR Plaza
Albany, NY 12207-1533              Jacksonville, FL 32207-9047  New York, NY 10022-5843  Poughkeepsie, NY 12601-6843  Uniondale, NY 11556-0926
T 518.462.3000 F 518.462.4199      T 904.792.8925 F 904.467.3461  T 212.455.9555 F 212.687.9044  T 845.473.8100 F 845.473.8777  T 516.357.3000 F 516.357.3333

**RIVKIN RADLER**
ATTORNEYS AT LAW

Clerk of the Court
December 11, 2024
Page 2 of 3

      The Complaint and exhibits attached thereto contain confidential information concerning the transaction for the purchase of the Artwork, which if publicly disclosed, are likely to cause harm to the parties, as well as personal information of the parties. In particular:

(i)      Exhibit A to the Complaint is a copy of the Agreement of Sale ("Agreement") in connection with the purchase of the Artwork, which contains a confidentiality provision in Paragraph 6, pursuant to which the Plaintiff and Gallery agreed that "the subject matter of [the] Agreement, including but not limited to the identity of the Buyer and the works and the Purchase Price, are confidential and each of the Buyer and Seller agrees not to disclose any of the foregoing information to any person or entity, except as may be required by law or with the written permission of the party."

(ii)      Exhibit B is a copy of the invoice for the Artwork, which contains information acknowledged to be confidential in the Agreement, including the identity of the Artwork as well as its purchase price. It also contains confidential bank account information of the Gallery.

(iii)      Exhibit C is a copy of the wire transfer confirmation, which contains the confidential purchase price for the Artwork.

(iv)      Exhibit D is a copy of the registration card for the Artwork and Plaintiff's passport, which contains the confidential identify of the Artwork, as well as confidential personal information of the Plaintiff on his passport.

(v)      The Complaint contains confidential information relating to the identity of the Artwork, the purchase price, and other terms contained in the Agreement.[2]

      "[C]ourts in this Circuit routinely permit parties to redact sensitive financial information . . . . [including] competitive pricing data . . . [and] project pricing[.]" *Graczyk v. Verizon Communc'ns*, Inc.*,* No. 18-cv-6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) and *Hesse v. SunGard Systems Intern.*, No. 12-cv-1990, 2013 WL 174403 at *2-3 (S.D.N.Y. 2013)). Courts have also "permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties." *In re B & C KB Holding GmbH*, No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (internal citations omitted).

      Here, if the confidential information relating to the Artwork and transaction described above is publicly disclosed, the parties are likely to suffer harm, including due to the price of the

---

[2] The unredacted Complaint and exhibits are attached hereto as Exhibit 1. The proposed sealed/redacted copy of the Complaint and exhibits are attached hereto as Exhibit 2.

Clerk of the Court
December 11, 2024
Page 3 of 3

Artwork potentially falling or losing the ability to competitively negotiate a future sale of the Artwork due to the purchase price being publicly available. Additionally, there is no need for personal data of the parties to be publicly disseminated, which would harm the parties by making such information available to third parties. The redactions sought in this motion are narrowly tailored to address the limited confidential information contained in the documents.

Accordingly, we respectfully request that the Court grant this motion to seal and permit the filing of a redacted copy of the Complaint and attached exhibits.

Respectfully submitted,
**RIVKIN RADLER LLP**

*s/ Gene Y. Kang*
Gene Y. Kang

---

Application GRANTED IN PART with respect to Plaintiff's request to redact pricing data and confidential personal data. For the reasons set forth in this letter, the Court agrees that such information is sufficiently sensitive to warrant redaction. The Court's decision to permit these redactions is without prejudice to the judge assigned to this case altering the sealing order.

Application DENIED IN PART with respect to Plaintiff's request to redact information related to the identity of the artwork. Plaintiff has not made a showing sufficient to overcome the "potent and fundamental presumptive right of public access" with respect to such information. *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020).

Accordingly, Plaintiff may either (1) file the complaint with the redactions that Court has approved or (2) submit another request to seal explaining why he should be permitted to redact information about the identity of the artwork.

SO ORDERED.

12/13/2024

HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE
PART I